Vardouhi DANIELIAN, Petitioner,

v.

IMMIGRATION AND NATURALIZATION SERVICE, Respondent.

No. 00–70763.
I & NS No. A72–515–750.

United States Court of Appeals, Ninth Circuit.

Submitted May 30, 2001.*

Decided July 26, 2001.

---

* The panel unanimously finds this case suitable for decision without oral argument. *See* Fed.

R.App. P. 34(a)(2).

Before CHOY, SKOPIL, and FARRIS, Circuit Judges.

MEMORANDUM \*\*

Vardouhi Danielian, a native and citizen of Armenia, appeals pro se the decision of the Board of Immigration Appeals ("BIA") affirming the immigration judge's ("IJ") denial of her application for asylum and withholding of deportation under 8 U.S.C. §§ 1158(a) and 1253(h). Danielian claims that she suffered past persecution by the Armenian government and her former husband and has a well-founded fear that she will be persecuted upon her return because of her anti-communist political beliefs. We deny the petition for review.

I.  Asylum

The Attorney General may, in his or her discretion, grant asylum to an applicant determined to be a "refugee." *See* 8 U.S.C. § 1158(b); *INS v. Elias–Zacarias,*

\*\* This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as may be provided by 9th Cir. R. 36–3.

502 U.S. 478, 481, 112 S.Ct. 812, 117 L.Ed.2d 38 (1992); *Korablina v. INS,* 158 F.3d 1038, 1043 (9th Cir.1998). A refugee is an alien who cannot get protection from his or her home country against persecution on account of a statutorily protected characteristic, such as a political opinion. *See* 8 U.S.C. § 1101(a)(42)(A). Danielian has the burden to prove that she qualifies as a refugee. *See* 8 C.F.R. § 208.13(a).

Danielian contends that her encounters with the Armenian government prior to her emigration constituted past persecution, independently qualifying her for asylum. *See* 8 C.F.R. § 208.13(b)(1); *Agbuya v. INS,* 241 F.3d 1224, 1228 (9th Cir.2001). In order to establish eligibility on the basis of past persecution, Danielian must present evidence demonstrating "an incident, or incidents, that rise to the level of persecution." *Kataria v. INS,* 232 F.3d 1107, 1114 (9th Cir.2000). Persecution is "an extreme concept that includes the infliction of suffering or harm." *Lim v. INS,* 224 F.3d 929, 936 (9th Cir.2000); *see, e.g., Agbuya,* 241 F.3d at 1228. Generally, unfulfilled threats without more, do not constitute past persecution. *Lim,* 224 F.3d at 936.

Danielian's testimony before the IJ established the following events that conceivably could qualify as past persecution. She received an ultimatum to join the Communist Party or lose her job. She suspected plans to assign her to the battlefields of the Nagorno–Karabakh conflict with the Azerbijanians. Government officials questioned her and hinted that it would be detrimental to her and her family if she did not enroll in the Communist Party. Because all of the above described events were only threats and did not result in physical abuse, substantial evidence sup-

**500**

ports the finding that they did not constitute past persecution.

■ The BIA also denied asylum because Danielian failed to establish that she had a well-founded fear of future persecution. *See* 8 C.F.R. § 208.13(b). In order to establish a well-founded fear of future persecution on account of her anti-communist political opinion, Danielian must establish (1) that she has a fear of future persecution based on her political opinion, (2) that there is a reasonable possibility of suffering persecution if she returns to Armenia, and (3) that she is unwilling to return to Armenia because of such fear. *See* 8 C.F.R. § 208.13(b)(2). She must "show a good reason to fear future persecution by adducing credible, direct, and specific evidence in the record of facts that would support a reasonable fear of persecution." *Kataria*, 232 F.3d at 1113. She must both subjectively fear persecution, and show that the fear is objectively reasonable. *INS v. Cardoza–Fonseca*, 480 U.S. 421, 430–31, 107 S.Ct. 1207, 94 L.Ed.2d 434 (1987); *Zahedi v. INS*, 222 F.3d 1157, 1162 (9th Cir.2000).

Although the events that Danielian describes may have felt sincerely threatening and disconcerting, they do not indicate a sufficient likelihood that she will be persecuted upon her return. The threats themselves were vague, such as hinting that her failure to join the party would not be good for her family. Moreover, while she lived in Armenia, she suffered no actual harm, even though she remained there almost five months after the last threat. These vague threats are insufficient to establish a likelihood that she will be prosecuted after her ten year absence. *See Limsico v. U.S. INS*, 951 F.2d 210, 212–13 (9th Cir.1991). In addition, the political situation in Armenia has drastically changed since her departure, as the it is now an independent county, no longer officially controlled by the Communist Party. *See Kazlauskas v. INS*, 46 F.3d 902, 906 (9th Cir.1995).

In light of her testimony and the change in circumstances, substantial evidence supports the BIA's decision that Danielian failed to establish a well-founded fear of future persecution for purposes of asylum.

**II. Withholding of Deportation**

Danielian also appeals the BIA's denial of her petition for withholding of deportation. Withholding of deportation is mandatory if the "alien's life or freedom would be threatened in such country on account of race, religion, nationality, membership in a particular social group or political opinion." 8 U.S.C. § 1253(h)(1);[1] *Rivera–Moreno v. INS*, 213 F.3d 481, 485 (9th Cir.2000). The standard of proof for withholding of deportation requires a greater probability of harm to the petitioner than does asylum. *Lim*, 224 F.3d at 938. Although even mere threats can be the basis for a clear probability of persecution, they must establish over a fifty percent chance that persecution will occur in the future. *Id.*

Because Danielian failed to establish a well-founded fear of persecution, substantial evidence supported the BIA's decision that she did not prove this more probable likelihood of harm. *See INS v. Stevic*, 467 U.S. 407, 424, 430, 104 S.Ct. 2489, 81 L.Ed.2d 321 (1984).

PETITION DENIED.

---

1. This provision was removed by the Illegal Immigration Reform and Immigrant Responsibility Act of 1996, Pub.L. No. 104–208, § 307(a) (1996). Because Danielian's case was brought before the effective date of the Act, we apply the pre-amendment law.